[663 NYS2d 251]

In the Matter of DAVID B. LUBASH (Admitted as DAVID BRUCE LUBASH), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 20, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

### OPINION OF THE COURT

Per Curiam.

On July 24, 1997, the respondent pleaded guilty in the Supreme Court, Queens County, to the crime of grand larceny in the third degree, a class D felony, in violation of Penal Law § 155.35. The Grievance Committee has submitted a certificate of disposition dated August 1, 1997.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

During the pendency of the criminal investigation, the office of the Queens County District Attorney received several inquiries from the respondent's former clients regarding their legal files. Under the circumstances, and in light of the fact that the respondent is currently incarcerated, a conservator is appointed to take custody of the respondent's files, to inventory them, and to take such steps as are necessary to protect the clients' interests.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David B. Lubash, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David B. Lubash is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge,

Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to 22 NYCRR 691.10 (k), Sharon A. Hatton, Esq., of 158 Grand Street, White Plains, N. Y. 10601, is appointed to inventory the respondent's files and to take such action as she deems proper and advisable to protect the interests of the respondent's clients and for the protection of the interests of the respondent; and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated October 30, 1995 is discontinued.